RAY, Judge,
concurring fully and specially.
Although I concur fully in the majority’s opinion in this case, I write to stress that I believe that the trial court acted in good faith and was understandably frustrated with the defendant.
Originally, legal counsel was provided to the defendant by the Douglas County Public Defender’s Office. By letter sent in February 2010, he asked to represent himself. With the aid of a mental health evaluation which concluded that the defendant was competent to make such a decision and generally understood the ramifications of the decision, the trial court allowed the defendant to go it alone. Yet, just before the case was called for trial, the defendant changed his mind, contacted the trial court and asked that he receive both another attorney and a continuance to allow that attorney to get up to speed. The trial court so obliged the defendant. When the case was called for trial thereafter, however, the defendant for the second time sought the discharge of his court-appointed attorney and another continuance. I find no fault in the trial court being skeptical of this request, believing it to be just a delay tactic by the defendant.
Understanding that “hindsight is 20/20,” in retrospect the trial court might have engaged in a little more dialogue with the defendant when he requested to represent himself again. If the procedures set forth in Faretta v. California, 422 U. S. 806 (95 SCt 2525, 45 LE2d 562) (1975), had been followed and the trial court had concluded therefrom that the defendant was authorized to make a decision to represent himself, the court could have simply stated that the trial would be that very day. A pool of citizens, after all, was waiting for jury selection to begin. I see no reason why the trial court would have automatically been required to grant another continuance. Based upon my own experiences in similar situations and the record in this case, I think the trial court was correct in concluding that the defendant was merely trying to gain a continuance so as to put off his trial as long as possible. Had his request to represent himself been granted, but with the case proceeding to trial immediately, the defendant’s real intentions may have become completely transparent, as he might well have chosen to utilize the services of the attorney that the court had provided.